All right. The next case on the docket is People v. Morrow. Cause number 5-11-0417. And Ms. Rose, you're ready to proceed? I will give you just a second here. Okay. You may proceed. May it please the Court. My name is Amy Rose and I am with the Office of the State Appellate Defender. I represent Joshua Morrow. The issue presented today is whether or not the trial court erred when it dismissed Mr. Morrow's post-conviction petition at the first stage when he clearly established the gist of a constitutional claim and that his guilty plea was not knowing and voluntary because he did not receive the benefit of his bargain, which was that his federal sentence would run concurrent to his state sentence. In the first stage post-conviction petition, a defendant's allegations must be taken as true. As a result, Mr. Morrow respectfully requests that this Court remain the cause back to the trial court for appointment of counsel in second stage proceedings under the Post-Conviction Hearing Act. On January 25, 2010, Mr. Morrow entered a guilty plea in federal court and was sentenced to 30 months imprisonment. On March 31, 2010, Mr. Morrow entered into a negotiated guilty plea in state court in which he pled guilty to home invasion and armed robbery and was sentenced to a term of 12 years on each count to be served concurrent. Additionally, the judgment order… Now, at the time of the guilty plea hearing, no one said anything about there being any possibility that these sentences would not run concurrent. That's correct, Your Honor. In other words, everybody left there, that was the deal. Correct. The judgment order actually reflected the fact that his state sentence would run concurrent to his federal sentence. Do we know that the feds are not giving him credit? We don't. The record does not give any indication as to why. So, how can he claim he's not being given concurrent time if we don't know that? Well, Mr. Morrow was informed by the officials at the Illinois Department of Corrections that he would not be receiving credit against his federal sentence until he fulfills the requirements of his state sentence. But that's what somebody from Illinois has told him. There's nothing in the record I could find that says the federal government is truly not giving him the benefit of what he thinks the bargain is. Is that true? That's correct, Your Honor. However, that's an issue for hearing on the third stage of post-conviction, proving that he's not getting… I mean, he's alleged it. He's alleged it. And right now, the question is, has he alleged it just at the Constitutional Court? Correct. And so that's something that can be decided at an evidentiary hearing. At the time he pled, though, to his federal offense, there was no sentence, though, for Illinois. That's correct. Because the federal time preceded the state time. Correct. So once Mr. Morrow arrived at the Illinois Department of Corrections, he learned that he was not receiving any credit against his federal sentence while in state custody. Once he learned this, he filed his post-conviction petition. In his post-conviction petition, he alleged that his guilty plea was not knowing and voluntary because he did not receive the benefit of his bargain, which was that his federal sentence would run concurrent with his state sentence. In other words, his gist of a constitutional claim was that his due process rights were violated because he entered into the plea with the understanding that he would receive time against his federal sentence while in state custody. Defendant's allegations must be taken as true in a first-stage post-conviction petition. He did not receive the benefit of his bargain, and as it stands now, his federal sentence will actually be served consecutive to his state sentence. Mr. Morrow's situation is very similar to the defendant in Umfleet. In Umfleet, the defendant was charged with offenses in both Illinois and Missouri. The defendant first reached an agreement in Missouri court, and the prosecutor recommended a 17-year sentence, and that was actually what the Missouri court imposed. The Missouri prosecutor also informed the defendant in Umfleet that the prosecutor in Illinois, the Illinois court, or the Illinois prosecutor, also agreed to recommend a 17-year sentence. Once the defendant entered into court in Illinois, the prosecutor actually recommended a 20-year sentence, and that sentence was imposed by the court. As a result, the defendant in that case filed a post-conviction petition alleging that the prosecutor breached the agreement when the prosecutor recommended a 20-year sentence rather than the 17-year sentence. And this court actually ordered that the defendant either be given the benefit of his bargain or be allowed to withdraw his guilty plea. Just like Umfleet. Is the defendant here asking to withdraw his guilty plea? Well, I included that information in the brief just for background information so when it does get, hopefully, to the second stage and during the evidentiary hearing, that's something that can be discussed more fully at that point. Just today, the issue before the court is whether or not the defendant's alleged the gist of a constitutional claim. I provide the information from Umfleet as a guiding principle that this situation is very similar to the defendant, in this case, Mr. Morrow, and this is what this court did for the defendant in Umfleet. Just like in Umfleet, there are two different jurisdictions involved. In Umfleet, there was the Illinois and Missouri court, and in this case, we have the Illinois court and the federal court. The state in Umfleet is arguing nearly identical to what it's arguing now, which is this court can't order another jurisdiction to amend its order. But just like this court did in Umfleet, this court can fashion a remedy that would get the defendant an equitable solution. At the first stage of post-conviction proceedings, a petitioner needs to do nothing more than allege the gist of a constitutional claim. Again, those allegations in the post-conviction petition are to be taken as true unless the trial court determines that the petition is frivolous or patently without merit. This occurs when the petition has no arguable basis in law or fact. A petition that has no arguable basis in law or fact is one that is based on an indisputably meritless legal theory or a fanciful factual allegation. This would entail either a theory that's contradicted by the record or factual allegations that are fantastic or delusional. Well, Illinois law plainly states that when an Illinois court imposes a sentence on a defendant that's already subject to a sentence by federal court, that the sentences should run concurrently. Mr. Morrow was sentenced in the federal court on January 25th, and he was sentenced in the state court on March 31st. Mr. Morrow could not have known that he would not receive credit against his federal sentence while in state custody until he actually began serving his sentence. Prior to oral arguments, the state and I have filed several motions, and it seems that the state's answers are rather confusing. First, the state claims that Mr. Morrow did not allege the gist of a constitutional claim. And then when Mr. Morrow attached a certified copy of the federal sentencing order to the reply brief, the state wanted to strike the documents and the reply brief that referred to that portion, or the portion of the reply brief that referred to those documents. The real issue is whether or not Mr. Morrow alleged the gist of a constitutional claim, which is that he is not currently, as it stands now, he is not serving his state sentence and federal sentence concurrently. Mr. Morrow's due process rights were violated when he entered into a guilty plea and then did not receive the benefit of his bargain. Again, in a first-stage post-conviction proceeding, a defendant's allegations are to be taken as true unless it's disputed by the record or it's based on a meritless legal theory or a fanciful allegation. Mr. Morrow's post-conviction petition is not based on a meritless legal theory. He did not receive the benefit of his bargain. It is most definitely not a fanciful allegation that's disputed by the record. Mr. Morrow submitted with his reply brief a certified copy of his federal sentencing order for further evidence of his claim. Generally, a court takes judicial notice of documents that are a matter of public record. Mr. Morrow did not have to provide those documents, but he did, since the state called into question the existence of such a federal order. Because Mr. Morrow alleged the gist of a constitutional claim and the trial court erred when it dismissed his petition, Mr. Morrow respectfully requests that this court remand the cause back to the trial court for the appointment of counsel in second-stage proceedings. Does this court have any questions? Thank you, Counsel. Thank you. Stacy. Thank you. Your Honors, Counsel, may it please the Court, my name is Kelly Stacy, appearing on behalf of the people. Both sides in this case point to only two pages of the record on appeal. Those two pages are page 66 of the transcript and page 26 of the common law record. Page 66 of the transcript spells out the entire agreement of the parties. There, the state informed the court that the defendant was being held on federal counterfeiting charges. On that same page, page 66, the parties contemplated the state sentence would run concurrently with the defendant's federal sentence. The defendant begins his opening brief by stating the exact agreement of the parties. Immediately after that, he changes his claim and says he was supposed to get federal credit while serving his state sentence. The defendant cites page 66 of the transcript for this argument, too. Nowhere on page 66 was the defendant promised federal credit for time served on his state sentence. There's no doubt, though, that he was told they were going to run concurrent. That was the deal. What he was told was exactly what Illinois law provides, and that was part of the agreement, that his state sentence would run concurrent with his federal sentence. I mean, you're parsing this and making a very fine distinction. You know, I mean, nobody said, though, now, by the way, we can't control the federal government. We don't really know if you're going to get concurrent time. We can't really account for that. Now, do you still want to go ahead with the deal? Now, we wouldn't be here if that would have happened. That's correct. But instead, the deal was just announced. The deal was, you know, this is his sentence. It's going to run concurrent with federal. That was the agreement. There's no question about that. That's correct. There's no question that that was the agreement. The problem is that the defendant is now saying that the state court, Judge Gamble, was required to tell him what was going to happen about his federal sentence. The state court under People v. Williams in Illinois Supreme Court case was only required to tell him the direct consequences of his plea. What the federal government does or does not do is not a consequence of his state court plea. If it is a consequence, it's merely a collateral consequence. Of course, I've read your brief about that, but it's a little hard for me to buy the length of your sentence. How long you're going to be in jail is a collateral consequence. Well, I think part of the issue is the defendant has failed to pursue other remedies than he has in order to get federal credit on his time he served in the state. He has not asked the federal government to lodge a detainer. He has not asked the federal government to designate Illinois as the place where he began serving his federal sentence. He has not asked the attorney general to start the clock at the time that he's serving his state sentence in Illinois. The problem is Judge Gamble has no control over when the federal government starts the defendant's sentence. And if he had been transferred to a federal facility, we wouldn't be here, would we? That's correct. No one knew whether he would be transferred to a federal facility or not. That's outside of the control of what Judge Gamble can do. He simply does not have the authority to either order the Federal Bureau of Prisons to designate Illinois as the place of his conviction or to order the federal court to alter the sentencing agreement. And he certainly does not have the authority to alter that agreement himself. So we tell this guy, you know, you pled guilty on a false premise. Too bad. How could he make a knowing and voluntary plea when everybody in the courtroom told him something that then wasn't going to happen or that they had no control over and didn't tell him we had no control over whether this was going to happen? I disagree respectfully that he was given a false premise for his belief. His attorney never told him he would receive federal credit. What he was told was his state sentence would run concurrent with his federal sentence. The problem here is his federal sentence has apparently never begun to run. All we have is what he says that he heard from the Illinois Department of Corrections. Whether or not they told him that, I don't know. And maybe that is the case. If it is the case, a post-conviction petition is not taken as true if it's positively rebutted by the record. The record here positively rebuts the claim. The entire agreement is on page 66 that his state court sentence would run concurrent with his federal sentence. Nobody said while you're sitting in Illinois, you're going to get federal credit. In fact, Judge Gamber went to great effort to make sure it would run concurrent, didn't he? I believe he did. He made a finding of no great bodily harm. That's correct. So it would run concurrent? That's correct. Because it was a class action. Had he not made the finding, he could not have made it concurrent under Illinois law. That's exactly right. That's the exact state of the law. The defendant compares himself to the defendant in this court's case of People v. Umfleet. People v. Umfleet is not the same as what we have here. In the Umfleet case, defendant's Missouri attorney worked out a plea agreement. At the same time, a plea agreement was worked out with the state of Illinois. On both of those cases, the defendant was going to serve 17 years concurrently in both states, Illinois and Missouri. He entered the plea in Missouri. When he came to Illinois, the prosecutor did not follow through on the agreement. He did not ask for 17 years as what he was supposed to. Instead, he asked for 21. This court said because both of those plea agreements were dependent on each other, the prosecutor breached the agreement and the promise was unfulfilled. That's why Umfleet is not the same as what we have here. Here you have a previously imposed federal sentence, as Justice Case pointed out, and the federal law says that when a federal court imposes a sentence, if the order does not say any later sentence will be served concurrently with this federal sentence, it's not to be taken that way. So how federal law operates is completely independent of how Illinois operates. Even if Judge Gamber had not put that information into his order, that's how Illinois treats it anyway. Dennis Stetson's sentence. There are remedies available to this defendant to get his time started. I believe there are, but I believe they're outside of the state of Illinois. Correct. I mean, there are remedies outside the post-conviction proceeding for this defendant to get the benefit of his bargain. Nobody in Illinois is saying that he didn't get the benefit, right? That's correct. Nobody in Illinois would refuse him the opportunity to get the benefit if he went to the federal system or had a habeas issued or whatever. I do not believe that Illinois would prevent him from doing that. Because the documents say it's to run concurrently. That's right. I would agree with that, Your Honor. I need to also point out, in its brief, the state cited the case of Romandine v. United States. It's a Seventh Circuit case that holds a federal judge cannot make a sentence concurrent to nonexistent sentences that some other court may impose in the future or may not impose. In his reply brief, the defendant incorrectly states relief granted to Romandine. It is true in the Romandine case the defendant's sentence was ultimately vacated and remanded back to the district court. But that was because his sentence was first decreased, then increased. The Seventh Circuit held both of those actions were unlawful. The last sentence of the opinion states, Romandine must serve his federal sentence after his state sentence ends unless he can persuade the Attorney General to start the federal clock while he is still in custody. The fact that the federal government has not transferred the defendant in this case into federal custody is not the fault of the State of Illinois. Everything the State of Illinois can deliver, it has. The operation of which prison the defendant is held, which place is designated as a federal prison for purposes of federal... What does this fault have to do with it? I mean, we're at the first stage here. He alleges, I thought these were going to run concurrent. I was misled. We're talking about are we going to appoint him an attorney who will then file an amended petition? Why can't he in that amended petition say, I want to withdraw my plea? It wasn't knowing involuntary. Well, that's what the State pointed out in its opening brief. The defendant is not asked to have his plea withdrawn. What he wants is to unilaterally change an agreement he entered into with the state for 12 years. Well, the question is, in his pro se petition for post-conviction relief, has he stated the gist of a constitutional claim such that we will actually give him legal counsel who will file an amended petition and go from there? I mean, are we not going to give him the opportunity to make that point? He is only entitled to reach that second stage if his claim, among other reasons, if his claim is not positively rebutted by the record. His claim here is positively rebutted by the record. He got exactly what the State of Illinois promised. And part of the reason I'm saying that Illinois is not at fault here is because he's asking for specific performance. Illinois cannot give him specific performance here because Illinois does not control what the federal government does. If the defendant wants specific performance, then, as Justice Pates has been pointing out today, he has an avenue in federal court. But in Illinois, he got what he bargained for, which is 12 years concurrent. That federal sentence is not within the control of the State of Illinois, and neither is where he's going to be sentenced. Thank you, Your Honor. Any rebuttal, Ms. Rose? One of the first things, or one of the last things this State argued, but said in its brief, was that Mr. Murrow's claim is rebutted by the record. But this is false. The record clearly states the judgment order, the State judgment order, reflected the fact that Mr. Murrow's State sentence would run concurrent to his federal sentence. The State is claiming that Mr. Murrow got what he bargained for, but that's incorrect. Because as it stands right now, and from what the record reflects, Mr. Murrow is not receiving any time against his federal sentence while he's in State custody. That's what I asked you. Where is that in the record? Pardon? Where is that in the record? In the record, it only states that once Mr. Murrow arrived at the Illinois Department of Corrections, he was informed by the officials at Corrections, at the Illinois Department of Corrections, that he, while he was with them, he would not be receiving any time against his federal sentence while in State custody. That's the only matter that's of record that's telling us that he's not going to receive credit. That's correct. And that's the only basis for making that claim in the proceeding, the first stage of these proceedings. You're correct. The State also argued that she doesn't know if Mr. Murrow was informed by the Illinois Department of Corrections that he would not receive any credit against his federal sentence while in State custody. Well, in the first stage post-conviction petition, defendants' allegations must be presumed as true. So for the State to say that she doesn't know, it doesn't really matter because this Court must assume that all statements made by the defendant in the first stage post-conviction petition are true. The State also argued in its brief and then also today before this Court that this would be considered a collateral consequence of a guilty plea and starts arguing direct versus collateral consequences. And I think that is more of a distraction to this Court today. Again, as Justice Stewart has said, we're just here to determine whether or not there was a gist of a constitutional claim. That's something that can go back during second stage of an injury hearing to determine actually what was said and whether or not that would be considered a direct or collateral consequence. The State also offers other alternatives that Mr. Murrow could have pursued to get time for his federal sentence in the federal courts. But really, that's not Mr. Murrow's responsibility right now. Mr. Murrow's responsibility is to hold the trial court accountable for the information and for the deal that he made at the trial court level. The State also argues that it wasn't the Court's responsibility and it didn't have the authority to give this federal credit. Well, if that's the case, then the Court shouldn't have advised Mr. Murrow at the guilty plea hearing and at sentencing that he would receive credit against his federal sentence while serving his State sentence. And that's why Mr. Murrow requests that this Court remand the cause back to the trial court for the appointment of counsel in second stage proceedings to make further determinations. All right. Thank you both for your briefs and arguments. We'll take this matter under advisement and issue a decision in due course.